IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY OLIVER,<br>    *Plaintiff*,<br><br>v.<br><br>Warden WHITTINGTON, *et al.*,<br>    *Defendants.* | CIVIL ACTION NO.<br>5:21-cv-00183-TES |

### ORDER DENYING MOTION TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Anthony Oliver filed this action on June 1, 2021, alleging various claims of deliberate indifference to safety against officers and supervisors at Wilcox State Prison. [Doc. 1]. On May 19, 2023, the Court granted summary judgment in favor of all Defendants. [Doc. 40]. Plaintiff's former counsel—McNeill Stokes—then filed a Notice of Termination of Counsel [Doc. 42] informing the Court that Plaintiff intended to proceed *pro se* on appeal. Plaintiff filed a Notice of Appeal [Doc. 46] and the instant Motion to Appeal *In Forma Pauperis* [Doc. 47].

### DISCUSSION

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a

> person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
> (2) [I]f the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff is incarcerated; therefore, his funds are limited. Indeed, Plaintiff's prison account statement reflects a spendable balance of $0.00. [Doc. 47-1]. Accordingly, the Court finds Plaintiff is unable to pay the filing fee. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) ("Such an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents.").

Next, the Court must determine if the plaintiff has satisfied the good faith

requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

To enable the Court to make such a finding, though, Plaintiff must submit a statement of the issues an appellant intends to appeal, as required under Federal Rule of Appellate Procedure 24(a)(1)(C). Plaintiff's Motion does not clearly outline the issues he intends to raise on appeal. *See generally* [Doc. 47]. Such an omission is fatal to the Motion. *See Muhammad v. Taylor*, No. 1:15-cv-4148-WSD, 2018 WL 10246465, at *2 (N.D. Ga. May 31, 2018) (holding that without a statement of the issues to be raised on appeal, a court cannot determine if the appeal is taken in good faith, "which is fatal to [the plaintiff's] application."); *see also McNair v. Bernard*, No. 1:17-cv-205-WSD, 2017 WL 9963366, at *1 (N.D. Ga. Nov. 27, 2017) (collecting cases).

Consequently, the Court **DENIES** Plaintiff's Motion to Appeal *In Forma Pauperis* [Doc. 47]. To proceed with this appeal, Plaintiff must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 14th day of June, 2023.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**